R. C. Saffold, Garnishee, &c., v. William Barnes.

———————

R. C. SAFFOLD, Garnishee, &c., *v.* WILLIAM BARNES.

1. CORPORATION: PLEADING AND PRACTICE: CHARACTER OF PARTY SET OUT IN PLEADING NOT TRAVERSABLE UNLESS DENIED UNDER OATH.— A subscriber for stock was garnished by a creditor of the company, and he answered in the usual form, denying any indebtedness. The creditor took issue upon the answer, alleging that the garnishee was indebted to the company on account of his subscription for stock in the same:—*Held,* that on the trial of this issue the garnishee could not object that the company had never been legally incorporated, he having failed to deny under oath the legal incorporation of the company as required by Art. 237, p. 518, of the Rev. Code.

2. SAME: SUBSCRIBER FOR STOCK IN, NOT RELEASED BY FRAUD IN PROCURING IT.—A member of an incorporated company is bound by the acts of its officers and agents within the scope of their authority; and he cannot therefore set up, against a creditor of the company who seeks to subject to the payment of his debt the indebtedness of such member on account of his subscription for stock in the same, that his subscription was obtained by the fraud of the agent of the company, nor any secret agreement between him and such agent, by which he was to be released from his subscription in case certain conditions promised by the agent were not complied with. See *Walker* v. *Mobile and Ohio R. R. Co.,* 34 Miss. R. 245; *Ellison* v. *Same,* 36 Id. 572.

ERROR to the Circuit Court of Harrison county. Hon. W. M. Hancock, judge.

*Harris* and *Hurst,* for plaintiff in error.

*D. C. Glenn,* for defendant in error.

HANDY, J., delivered the opinion of the court:

This case originated in an attachment issued by the defendant in error against a corporation called the Mississippi Sound Company, a non-resident debtor of the defendant in error, upon which the plaintiff in error was summoned as a garnishee. He filed his answer denying any indebtedness to the Sound Company, in usual form; to which a replication was filed, alleging that the answer was not true, because the garnishee was indebted as a subscriber to the Sound Company for one thousand dollars, as stock, which was wholly unpaid, and upon that issue the case was tried, and a verdict and judgment rendered for the defendant in error.

Several errors are assigned and insisted upon as grounds of reversal, but they are resolvable into two points of objection: 1st. Whether the proof was sufficient to establish the organization of the company, and the court erred in rejecting the testimony of the garnishee to show that the company had not been duly and legally organized. 2d. Whether the court erred in rejecting the testimony of the garnishee, to show that he was induced by fraudulent representations to become a subscriber to the company, and was, therefore, not to be liable as such.

1. Upon the first point, the plaintiff below offered in evidence the articles of association or incorporation, to which the name of the garnishee, with others, was subscribed for the sum of one thousand dollars. This was objected to, because it was insufficient to show the organization of the corporation. But the objection was overruled, and, we think, properly. It was competent evidence to show the subscription of the garnishee, and doubtless that was the purpose for which it was offered. It was not necessary that the plaintiff, under the pleadings, should prove the organization of the corporation; for there was no denial of the "description of character" of the corporation, by the pleadings, verified by oath; and judgment had already been rendered in the cause against the corporation. In order to render such proof necessary on the part of the plaintiff, it was incumbent on the garnishee to have denied the corporate character of the company under oath. Rev. Code, 518, Art. 237.

For the same reason, the testimony of the defendant to show

that the company was not organized according to law was properly rejected. · It was not competent for the garnishee to rely on that as a ground of defence, not having denied the character or organization of the corporation on oath, but, on the contrary, by clear implication, having admitted it in his answer by denying indebtedness to the corporation.

2. As to the fraudulent representations offered to be proved by the garnishee. By the seventh article of incorporation, the president and directors were "authorized to contract for the construction of a steamboat, with an iron hull, &c., to make all necessary contracts to that end, and for her equipment, furniture, and apparel;" and "the president was authorized to do all proper things for the successful prosecution of the business of the company." The purpose of the corporation, as declared in the first article, is the building and equipping or purchasing low-pressure steamboats, and carrying freight and passengers on Lake Ponchartrain, Lake Borgne, the Mississippi sound, Mobile bay, &c. General power is thus given to the corporation over the subject-matter of the enterprise, and this garnishee had become a party to it by his subscription.

The alleged false representations relied on by him to discharge him from his subscription are, that the boat was, at the time of his subscription, being built in New York, and was to be ready for the business of the company in May and ready for the summer trade; to be a first-class iron steamboat, to run from New Orleans to Biloxi in six or seven hours, and sufficient to do all the business; but that the boat did not arrive at New Orleans until August or September, was an inferior boat, could not make the trip from New Orleans to Biloxi in less than eight or nine hours, cost thirty or forty thousand dollars more than was represented by the agent of the company obtaining the subscriptions; that the agent in taking the subscriptions stated that, unless these representations were fulfilled, the garnishee would not be required to pay his subscription; and that the boat was destroyed by blowing up the first year.

It is obvious that the subscriptions for stock were the means by which the president and directors were to make contracts for the building or purchase of boats for the enterprise, and to pay

for them; and to that end the subscribers had become parties to the enterprise, agreeing to contribute the sums subscribed by them respectively, and clothing the corporation with power and discretion "to do all proper things for the successful prosecution of the business of the company." The representations, though alleged to be false, appear from their nature to amount to but this: that the boat was not delivered at the time stated by the agent, and was not of the character and quality represented when the subscriptions were obtained. If this be true, it might have been good ground for the company to refuse to accept the boat; but, as she was accepted, is it a sufficient ground to absolve the subscribers from liability? It appears not. The acceptance was the act of the subscriber's own agent, acting in pursuance of the general authority conferred; and if that agent did not faithfully or judiciously perform the duty, are the creditors of the company to lose their rights acquired against them, as the constituents of the company? The creditors had the right, in making contracts with the company, to regard the subscriptions as their security for the debts contracted in furtherance of the enterprise; and any private understandings between the individual corporators, as to the manner in which the president and directors were to perform the duties required of the corporation, and *in derogation of the general powers conferred upon them in the articles of incorporation*, was a matter which could not affect the rights of parties dealing with the corporation, within the scope of its articles of incorporation.

But, moreover, the president and directors had, by the very articles of association or incorporation to which this garnishee had become a party, full power to act upon the subject of purchasing the boat; and these representations must be considered as mere collateral considerations or matters of opinion, operating upon the judgment of the subscribers, the failure to perform which by the agents of the company, in the mode stated, would not discharge him from his liability created by the very nature and object of the subscription, and of the enterprise contemplated. *Walker* v. *Mobile and Ohio Railroad Co.*, 34 Miss. R. 245; *Ellison* v. *Same*, 36 Id. 572.

Let the judgment be affirmed.